## L. S. STONE v. STATE.

No. A-8065. Opinion Filed Aug. 21, 1931.
(2 Pac. [2d] 602.)

Jesse H. Dunn, for plaintiff in error.

J. Berry King, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

DAVENPORT, P. J. The plaintiff in error, hereinafter called the defendant, was jointly charged by information with Bill Brown, was tried and convicted, and his punishment fixed at a fine of $50 and 30 days in the county jail, and has appealed.

The testimony on behalf of the state tends to show that Cecil Cozby, a deputy sheriff of Carter county, was in Murray county, looking for Bill Brown; that the officers started out on the Ardmore-Sulphur highway, and saw Bill Brown and the defendant L. S. Stone in a car driving toward the town of Sulphur; the officers turned their car and followed the defendants; defendants broke some jars in the car, the contents of which smelled like whisky. The defendants were arrested, charged with transporting liquor. During the taking of the testimony, objections were interposed by the defendant to the admission of the testimony on the ground that the officers did not have a warrant to search the car the defendant was riding in. No testimony was offered by the defendant.

The defendant has assigned several errors as grounds for reversal of his case. The record discloses that the officers saw the defendant, together with Bill Brown, driving along the highway, and, when they started to follow

them, either the defendant or Bill Brown broke some jars, the contents of which the officers stated was whisky; when they caught up with the car, the whisky was running out of the car. Where officers see a crime committed, they are authorized to arrest without a warrant. The court properly overruled the objections of the defendant to the admission of the testimony.

There is nothing in the record to warrant a reversal of this case. The defendant was given the minimum punishment. He was accorded a fair and impartial trial. The court properly instructed the jury as to the law. Finding no errors of sufficient merit to warrant a reversal, the judgment is affirmed.

EDWARDS and CHAPPELL, JJ., concur.